UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT CHARLES PARADIS,<br><br>                  Petitioner,<br><br>  vs.<br><br>PAT GLEBE,<br><br>                  Respondent. | NO.  CV-10-3013-LRS<br><br>ORDER DENYING FIRST AMENDED PETITION AS TIME-BARRED |

      BEFORE THE COURT is Petitioner's First Amended Petition (Ct. Rec. 7), as well as a Declaration (Ct. Rec. 8) asserting his petition should be considered timely.  By Order filed March 30, 2010 (Ct. Rec. 5), the court had advised Petitioner of the deficiencies of his federal habeas petition and directed him to amend to present a short and plain statement demonstrating he is entitled to relief.  Mr. Paradis's First Amended Petition, consisting of 103 pages, including attachments, does not comply with this directive.

      In his Declaration Petitioner attempts to allege the state unconstitutionally prevented him from filing his federal habeas petition on time under 28 U.S.C. § 2244(d)(1)(B), and that he has been exercising "due diligence," but the nature of his crimes has made it difficult to obtain help from inmate law clerks.  In his Declaration Petitioner describes his sentence and his initial placement and transfers within the Department of Corrections ("DOC") from 1996 to 1998.  During that time frame,

ORDER DENYING FIRST AMENDED PETITION AS TIME-BARRED -- 1

however, he was able to pursue a direct appeal.

Petitioner indicates sometime after February 1998, his back gave out and he landed in a wheelchair and was eventually transferred to the Airway Heights Correction Center for back surgery. Petitioner does not state when all these events occurred. He claims his "appeal arrived sometime late in 1998." Court records, however, indicate the Washington State Court of Appeals, Division III, denied his direct appeal on August 13, 1998. By letter dated August 25, 1998, and addressed to Petitioner in Steilacoom, Washington, his appellate counsel advised Petitioner he would need to file a petition for review to the Washington State Supreme Court by September 11, 1998 (See Ct. Rec. 7-1, Petitioner's exhibits, page 14). Apparently, Petitioner did not do so. He does not give an account of his whereabouts during August and September 1998, or explain how the State prevented him from filing a petition for review. As set forth in the court's previous Order, Petitioner had until September 1999, to file a federal habeas petition. He did not do so.

Petitioner asserts in January 1999 he was placed in segregation at the Airway Heights Corrections Center because of a threatening letter against him, and his back surgery was cancelled. In April or May 1999, he was transferred to the Washington State Penitentiary for surgery, but was informed upon his arrival that no back surgeries would be done at that facility. He indicates he was placed in protective custody on unspecified dates due to threats made against him. He states he was then transferred to Clallam Bay Corrections Center "three months later" for back surgery, but was informed upon his arrival that no back operations would be done there. Petitioner claims his left arm gave out in November 1999, and he was transferred back to the Washington State Penitentiary where he received orthopedic surgery to his left shoulder in January 2000.

Petitioner indicates in August 2001, while at the Stafford Creek Correction Center, he was in a wheelchair due to his back pain and taking even more pain medication. He

ORDER DENYING FIRST AMENDED PETITION AS TIME-BARRED -- 2

asserts between November and December 2003, he made nearly 20 trips to Olympia, Washington to see a neurosurgeon, and finally received an operation in March 2004. After recuperating for approximately nine months, Petitioner states he was "finally getting access to law library to start my 7.8 Yakima County Superior Court."

Contrary to Petitioner's assertions, a prisoner is not entitled to equitable tolling based on allegations he was unaware of the law, had medical problems, and failed to receive help from prisoner law clerks. It is well settled that ignorance of the law is not a basis for equitable tolling. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that an illiterate *pro se* petitioner's complete lack of legal assistance is not cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988)(finding a *pro se* petitioner's mental condition and reliance on incompetent "jailhouse lawyers" is not cause).

Furthermore, Petitioner has failed to show he was medically incapable of pursuing his rights between August 1998 and September 1999, the relevant time frame for filing his habeas petition. He cites no authority, and this court has found none, to support a conclusion that state-rendered medical treatment could constitute a state impediment under § 2244(d)(1), making it impossible for him to seek federal habeas relief. None of Mr. Paradis's assertions constitute "extraordinary circumstances" warranting the Antiterrorism and Effective Death Penalty Act's one-year limitations period for filing a petition for writ of habeas corpus in federal court be equitably tolled. Petitioner has failed to show his federal habeas petition is timely under 28 U.S.C. § 2244(d).

Therefore, for the reasons set forth above and in the court's previous Order, **IT IS ORDERED** the First Amended Petition is **DENIED as time-barred.** The District Court Executive shall enter this Order, enter judgment and forward copies to Petitioner. The court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of

ORDER DENYING FIRST AMENDED PETITION AS TIME-BARRED -- 3

appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this  29th  day of April, 2010.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING FIRST AMENDED PETITION AS TIME-BARRED -- 4